United States District Court
Southern District of Texas
ENTERED
October 27, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN MARTINEZ DONJUAN,<br><br>Petitioner,<br><br>v.<br><br>RANDY TATE,[1]<br><br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-26-9335 |

## MEMORANDUM OPINION AND ORDER

In 2000, Brian Martinez Donjuan ("Petitioner"), a citizen of Mexico, entered the United States. He was three years old at the time, and subsequently received Deferred Action for Childhood Arrivals. On August 25, 2026, Petitioner was taken into immigration custody.[2] On September 22, 2026, Petitioner was issued a Notice to Appear, which classified Petitioner as an admitted alien and charged him with removability pursuant to § 237(a)(1)(B) of the Immigration and Nationality Act, as a nonimmigrant that after admission under § 101(a)(15) of the Immigration and Nationality Act remained in the United States for a time longer than permitted in violation of law.[3] Petitioner has not received a bond hearing and remains in immigration detention.

---

[1] The Warden is substituted as the sole respondent in place of the other listed respondents because he is the petitioner's immediate custodian as the warden of the Montgomery Processing Center. See Rumsfeld v. Padilla, 124 S. Ct. 2711, 2720 (2004) ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent."); see also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").

[2] Petition, Docket Entry No. 1, p. 2.

[3] Id.; Notice to Appear, Exhibit 15 to Petition, Docket Entry No. 1-1, p. 50.

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that his detention without a bond hearing violates due process.

It is clear that Petitioner is not subject to mandatory detention under § 1225(b)(2). Petitioner was admitted to the United States. He has since become removable because he remained in the United States for a time longer than permitted. The Fifth Circuit has made clear that "only § 1226(a) applies to admitted aliens who overstay their visas, become deportable on many different grounds, or were admitted erroneously due to fraud or some other error." Buenrostro-Mendez v. Bondi, 166 F.4th 494, 505 (5th Cir. 2026). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." Jennings v. Rodriguez, 138 S. Ct. 830, 847 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Because Petitioner is an admitted alien that later became deportable, the Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **GRANTED in part**. Respondent is **ORDERED** to either release Petitioner or provide him with a bond hearing by November 6, 2026. Respondent is furthered **ORDERED** to submit a status report to the court by November 13, 2026.

**SIGNED** at Houston, Texas, on this 27th day of October, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE