United States District Court
Southern District of Texas
**ENTERED**
November 23, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN MARTINEZ DONJUAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-9335 |
| | § | |
| RANDY TATE, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

On October 22, 2026, Petitioner filed a Petition for Habeas Corpus ("Habeas Petition") (Docket Entry No. 1), arguing that his detention without a bond hearing violates the Immigration and Nationality Act and due process, and that his warrantless arrest violated 8 U.S.C. § 1357(a)(2).[1]

On October 27, 2026, the court granted Petitioner's Habeas Petition in part and ordered Respondents to either release Petitioner or provide him with a bond hearing by November 6, 2026.[2] The court found that Petitioner was not subject to mandatory detention under § 1225(b)(2) because the Notice to Appear Petitioner was served with on August 26, 2026, classified him as an admitted alien under a nonimmigrant visa.[3]

On November 9, 2026, Respondents filed an Advisory and Status Update (Docket Entry No. 7), explaining that on October 30, 2026, Respondents filed and served an I-261 to include amended

---

[1]Habeas Petition, Docket Entry No. 1, pp. 10-16 ¶¶ 47-85. For the purpose of identification all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Memorandum Opinion and Order, Docket Entry No. 5, pp. 1-2.

[3]Id.; Notice to Appear, Exhibit 15 to Habeas Petition, Docket Entry No. 1-1, p. 50.

and corrected charges to Petitioner's August 26, 2026, Notice to Appear.[4] The I-261 alleges that Petitioner entered the United States without inspection and charges Petitioner with inadmissibility pursuant to § 212(a)(6)(A)(I) of the Immigration and Nationality Act, as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."[5] Additionally, Respondents explained that on November 5, 2026, Petitioner was afforded a bond and custody redetermination hearing.[6] The immigration judge denied Petitioner's bond citing that the immigration court lacked jurisdiction because Petitioner is an applicant for admission.[7]

On November 12, 2026, after reviewing Petitioner's Habeas Petition and Respondents' Advisory and Status Update, the court entered an order explaining that it could not determine whether Petitioner was an admitted alien or an applicant for admission.[8] The court therefore ordered Petitioner to provide the court with evidence of his nonimmigrant visa.[9] On November 20, 2026, Petitioner filed his Petitioner's Response to Respondents' Advisory and Status Update and Motion to Enforce the Court's October 27, 2026 Order (Docket Entry No. 9). Petitioner states that he "does

---

[4]Advisory and Status Update, Docket Entry No. 7, p. 1.

[5]Id.; Additional Charges of Inadmissibility/Deportability, Exhibit 1 to Advisory and Status Update, Docket Entry No. 7-1, p. 3.

[6]Advisory and Status Update, Docket Entry No. 7, p. 1.

[7]Id. at 2.

[8]Order, Docket Entry No. 8, p. 2.

[9]Id.

not have a nonimmigrant visa and never has."[10] Petitioner also states that he "recognizes what that correction means under current Fifth Circuit law."[11]

Therefore, although the August 26, 2026, Notice to Appear alleges that Petitioner is an admitted alien, because Petitioner does not have a nonimmigrant visa and because the I-261 amends the August 26, 2026, Notice to Appear to charge Petitioner with inadmissibility pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act, as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General,"[12] Petitioner is not an admitted alien. Instead, the evidence establishes that Petitioner entered the United States without inspection on an unknown date, and that he has never been admitted or paroled into the United States by an immigration officer.[13]

Accordingly, Petitioner's claims lack merit. Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2) until the conclusion of his removal proceedings. Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026). The Fifth Circuit has held that this mandatory detention does not violate substantive or procedural due process. Rodriguez v. Vergara, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (en banc). Moreover, although Petitioner alleges he was arrested without a warrant in violation of 8 U.S.C. § 1357(a)(2), "an illegal arrest has no bearing on the

---

[10]Petitioner's Response to Respondents' Advisory and Status Update and Motion to Enforce the Court's October 27, 2026 Order, Docket Entry No. 9, p. 1.

[11]Id.

[12]Additional Charges of Inadmissibility/Deportability, Exhibit 1 to Advisory and Status Update, Docket Entry No. 7-1, p. 3.

[13]Id.

legality of detention following that arrest." Camesolta v. Tate, Civil Action Number 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026).

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts[14] requires the court to promptly examine the petition and its attached exhibits and dismiss the petition, in whole or in part, if the face of the petition shows that the petitioner is not entitled to relief. For the reasons explained above, the face of the petition shows that Petitioner is not entitled to relief. Petitioner's Habeas Petition will therefore be denied.

Accordingly, the court's October 27, 2026, Memorandum Opinion and Order (Docket Entry No. 5) is **VACATED**, Petitioner's Motion to Enforce the Court's October 27, 2026 Order (Docket Entry No. 9) is **DENIED**, and Petitioner's Petition for Habeas Corpus (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE**.

The Clerk shall provide a copy of this Order to the parties.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 23rd day of November, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

[14] A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. See Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.